EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------X
YAACOV SILBERSTEIN, individually and on    :     Index No.:
behalf of all others similarly situated,         :
                                    :     **SUMMONS**
                                    :
               Plaintiff,       :     Plaintiff designates Nassau County
                                    :     as the place of trial.
     - against -               :
                                    :     Venue is based on Plaintiff's county
WHOLE FOODS MARKET GROUP, INC,     :     of residence.
and JOHN DOES 1-50,               :
                                    :
             Defendants,     :
                                    :
-------------------------------------------------------------X

TO THE PERSONS NAMED AS DEFENDANTS ABOVE:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the plaintiff's attorney within twenty (20) days after service of this summons,

exclusive of the day of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York).

      YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, judgment

will be taken against you by default for the relief demanded in the complaint.

Case 2:24-cv-04229-JMW   Document 1-1   Filed 06/14/24   Page 3 of 24 PageID #: 13

Dated: May 14, 2024
Westlake Village, CA

*Counsel for Plaintiff Yaacov Silberstein*
*and the Proposed Class*

THE JACOBS LAW FIRM, PC

By: _____

Matthew Jacobs
5743 Corsa Ave., Ste. 208
Westlake Village, CA 91362
(805) 601-7504
matt@jacobslawfirm.com

KJC LAW GROUP, A.P.C.

Kevin J. Cole [*]
W. Blair Castle [*]
9701 Wilshire Blvd., Ste. 1000
Beverly Hills, CA 90212
(310) 861-7797
kevin@kjclawgroup.com
blair@kjclawgroup.com

[*] Application for admission *pro hac vice*
forthcoming

2

Case 2:24-cv-04229-JMW Document 1-1 Filed 06/14/24 Page 4 of 24 PageID #: 14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---------------------------------------------------------------X

YAACOV SILBERSTEIN, individually and on
behalf of all others similarly situated,

                       Plaintiff,

    - against -

WHOLE FOODS MARKET GROUP, INC,
and JOHN DOES 1-50,

                  Defendants,

---------------------------------------------------------------X

Index No.: _____

**<u>CLASS ACTION COMPLAINT</u>**

**<u>JURY TRIAL DEMANDED</u>**

1. Violation of NY GBL § 349

2. Violation of NY GBL § 350

Plaintiff Yaacov Silberstein ("Mr. Silberstein" or "Plaintiff"), individually and on behalf of all others similarly situated, by his undersigned counsel, for their class action complaint against defendant Whole Foods Market Group, Inc. ("Whole Foods" or "Defendant"), alleges, upon information and belief, expect as to the allegations that pertain to Mr. Silberstein, which are alleged upon personal knowledge, as follows:

**<u>PRELIMINARY STATEMENT</u>**

1.    This case is about Whole Foods's efforts to deceive and mislead consumers by hiding the true price of products it sells. Whole Foods accomplished this deception in various ways, including by prominently displaying product "retail prices" in large font on its price labels, while effectively concealing additional "deposit" fees. Indeed, as the Whole Foods's price label in **Figure 1** below shows, the "$2" deposit fee is so small that it could practically fit inside the decimal point between the dollar and cent figures of the product's "retail price."

Case 2:24-cv-04229-JMW Document 1-1 Filed 06/14/24 Page 5 of 24 PageID #: 15

**FIGURE 1**



2.     Mr. Silberstein has shopped at Whole Foods—a large, national grocery store chain—on numerous occasions in recent years.  On many of these occasions, Mr. Silberstein has purchased Ronnybrook Farm Dairy ("Ronnybrook") products.

3.     After a recent visit to a Whole Foods in Nassau County, New York, Mr. Silberstein reviewed his purchase receipt and was shocked to discover that Whole Foods charged him an additional $6.00 in "container deposit" fees on three Ronnybrook products, which increased the total cost of these products by nearly 50%.

4.     Mr. Silberstein brings this class action complaint to hold Whole Foods accountable for its deceptive and misleading conduct.

2

Case 2:24-cv-04229-JMW   Document 1-1   Filed 06/14/24   Page 6 of 24 PageID #: 16

## PARTIES

5.     Mr. Silberstein is an individual residing in Nassau County, New York.

6.     Whole Foods is a corporation organized under the laws of Delaware, with its principal place of business in Austin, Texas.

7.     Mr. Silberstein does not know the true names and/or capacities of the defendants sued herein as DOES 1 through 50, and for that reason sues those defendants under fictitious names.  Mr. Silberstein will seek leave to amend this complaint when the true names and capacities of these defendants have been ascertained.  Mr. Silberstein alleges that these defendants are responsible in whole or in part for causing the harms alleged in this complaint.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over Whole Foods pursuant to CPLR § 302(a)(1) because Whole Foods transacts business within New York and contracts to supply goods within New York.   The Court also has jurisdiction pursuant to CPLR § 302(a)(2) because Whole Foods has committed tortious acts within New York.

9.      Venue is proper in this the Court pursuant to CPLR §§ 503(a) because Mr. Silberstein resides in Nassau County.

## FACTS

10.     As noted above, Mr. Silberstein has shopped at Whole Foods grocery stores—including in Nassau County, New York—on many occasions in recent years.

11.     During these visits, Mr. Silberstein frequently purchased Ronnybrook products—including, Ronnybrook Creamline$^{TM}$ Milk, Ronnybrook Homogenized Milk, and Ronnybrook Half & Half

3

Case 2:24-cv-04229-JMW Document 1-1 Filed 06/14/24 Page 7 of 24 PageID #: 17

12.     Until around March 2024, Mr. Silberstein was entirely unaware that the prices

Whole Foods displayed for certain Ronnybrook products were significantly lower than the actual

price Whole Foods charged.

13.     Specifically, on March 1, 2024, Mr. Silberstein purchased three Ronnybrook

products from a Whole Foods store in Manhasset, New York: (1) one pint of Ronnybrook Whole

Milk; (2) one pint of Ronnybrook Chocolate Milk; and (3) one pint of Ronnybrook Half & Half.

14.     Whole Foods prominently displayed the following prices for these items on the

labels appearing on the shelves near them: (1) $3.69 for the pint of Ronnybrook Whole Milk; (2)

$4.29 for the pint of Ronnybrook Chocolate Milk; and (3) $4.29 for the pint of Ronnybrook Half

& Half.

15.     Mr. Silberstein relied on these prices displayed on these consumer-facing labels

when he chose to buy the Ronnybrook products from Whole Foods.  He did not expect—nor

would any reasonable consumer in Mr. Silberstein's position have suspected—that Whole Foods

would charge an additional $2.00 for each product.

16.     After paying for the Ronnybrook products, Mr. Silberstein reviewed his receipt

and was shocked to see that Whole Foods charged him a "CONTAINER DEPOSIT" of $2.00 for

each of the Ronnybrook products.  **Figure 2** below contains the receipt from Mr. Silberstein's

purchase of Ronnybrook products from the Manhasset Whole Foods on March 1, 2024.

**FIGURE 2**

WHOLE FOODS MARKET

Manhasset MHS 516-869-8900
2101 Northern Blvd
Manhasset, NY 11030 3528

| | |
|---|---|
| RBF CREAMLINE 1 MLK | $3.69 F |
| CONTAINER DEPOSIT | $2.00 |
| RBF CREAMLINE C MLK | $4.29 F |
| CONTAINER DEPOSIT | $2.00 |
| RBF HALF AND HALF | $4.29 F |
| CONTAINER DEPOSIT | $2.00 |
| Subtotal: | $18.27 |
| Net Sales: | $18.27 |
| Total: | $18.27 |
| Sold Items: | 3 |

Paid:
American Exp *0113 $18.27
Chip Card:AMERICAN EXPRESS
Chip Card AID:A000000002501

RETURNS: All returns require a receipt.
No returns on items purchased after
90 days. For additional information
please visit wfm.com/returns.
*******************************
Earn 5% back at Whole Foods Market
with Prime Visa
and an eligible Prime membership
Learn more at amazon.com/wfmvisa
*******************************
HOW WAS YOUR SHOPPING EXPERIENCE?
Go to: http://www.wfm.com/feedback
ENTER FOR A CHANCE TO WIN A $250 GIFT CARD
207 44376 03/01/2024 02:24 PM
63011006320744376030120240
K6BA8A3E4X
Thanks for shopping at Whole Foods Market
WholeFoodsMarket.com



Case 2:24-cv-04229-JMW   Document 1-1   Filed 06/14/24   Page 9 of 24 PageID #: 19

17.     In relative terms, this hidden $6.00 fee was no small upcharge.  The retail price of the Ronnybrook products Mr. Silberstein purchased ranged totaled $12.27.  Thus, the hidden $6.00 fee raised the total cost of the products from $12.27 to $18.27—an increase of nearly 50%. Moreover, the $2.00 upcharge on the $3.69 bottle of Ronnybrook Creamline™ Milk constituted a price increase of ***more than 50%*** for that particular product.

18.     After seeing the deposit fees on the purchase receipt, Mr. Silberstein went back to the Whole Foods store to review the price labels for the Ronnybrook products.  Mr. Silberstein saw that, for each of the Ronnybrook products he purchased, Whole Foods prominently displayed a price of each in large clear font on the price label.  But upon further investigation, he also noticed, for the first time, the notation "+ Deposit $2" appearing in tiny font just above the barcode at the bottom of the label.

19.     **Figure 3** below contains a photograph of Ronnybrook Half & Half—and the price label appearing below it—from the Manhasset Whole Foods store, which Mr. Silberstein took after discovering the deposit fees on his purchase receipt.

6

**FIGURE 3**



Case 2:24-cv-04229-JMW   Document 1-1   Filed 06/14/24   Page 11 of 24 PageID #: 21

20.     While this image alone is sufficient to demonstrate the deceptive and misleading nature of Whole Foods's label, an examination of the label's constituent parts reveals just how deceptive and misleading it actually is.

21.     The top half of the label for the Ronnybrook Half & Half displays the single most important and relevant piece of information about the product: its price.  In fact, the "$4.29" price is displayed not once, but twice, on the label.  A "retail price" of "$4.29" is prominently displayed in large font in the top right corner of the label.  Notably, the font size for the "$4.29" retail price is larger than the font size for any other text on the label.  In addition, a "unit price" of "$4.29" appears in large black font displayed against an orange background on the top left of the label.  The "$4.29" unit price, while slightly smaller than the "$4.29" retail price, is still significantly larger than any other text on the label.

22.     The middle portion of the label includes two other pieces of information of relevance to a consumer: the brand name and product type.  Specifically, the brand name "RONNNYBROOK FARM DAIRY" appears just below the unit price in medium-sized, capitalized text, and the product type "Half & Half" appears in medium-sized, emboldened text just below the brand name.  While reasonable consumers might be able to discern the brand name and product type by simply looking at the product itself, the inclusion of the brand name and product type on the lable links that specific product to the price appearing immediately above it.

23.     Unlike the upper portions of the label, the bottom third of the label contains numerous items which—while of potential significance to Whole Foods—has no significance whatsoever to any reasonable consumer, specifically: (1) a bar code; (2) an 11-digit number above the barcode; (3) the capitalized letters "DAIR," presumably a reference to an internal

8

Case 2:24-cv-04229-JMW   Document 1-1   Filed 06/14/24   Page 12 of 24 PageID #: 22

product category; (4) the date "02/19/24," which is unaccompanied by any descriptor (for example, the "shelf placement date" or "product expiration date") that would convey any significance to a consumer; (5) the product volume "16 FL OZ," which, a consumer could discern from labeling on the product itself; (6) the notation "6/CS," which has no discernable significance to a consumer; and (7) the notation "DORAS N 62500," which, again, has no discernable significance to a consumer.

24.     Mixed in with these seven meaningless features in the bottom third of the label is another notation—*i.e.*, "+ Deposit $2" (the "Deposit Fee")—which is highly and indisputable relevant to the consumer because the Deposit Fee increases the total price of the Ronnybrook Half & Half by nearly 50%.

25.     Despite the significance of the Deposit Fee to consumers, everything about its presentation is designed to, and has the effect of, concealing it from consumers.  For example:

a.      **Font Size:** The Deposit Fee font is tiny—much smaller than the large-sized font used to display both the "retail price" and the "unit price" and the medium-sized font used to display the brand name and product type.  Indeed, as noted above, the Deposit Fee font is so small that the "$2" figure could practically fit within the decimal place between the dollar and cent figures in the "retail price."

b.      **Placement:** The Deposit Fee is buried on the bottom third of the label, mixed in with seven other features (described above) that have no consumer significance.

c.      **Font Style:** In addition to the tiny font size, the Deposit Fee is the only text on the label that contains letters which are both unemboldened and uncapitalized.

d.      **Description:** The manner in which the Deposit Fee is described further ensures that no reasonable consumer—however unrushed and eagle-eyed—would understand its

9

Case 2:24-cv-04229-JMW  Document 1-1  Filed 06/14/24  Page 13 of 24 PageID #: 23

significance.  Instead of using plain English to disclose this fee (for example, "$2.00 Deposit Fee to be Added"), Whole Foods opted for a confusing mixture of mixture of symbols and words—specifically, a "+" sign followed by the word "Deposit" (unaccompanied by the word "fee" or "payment") and a partial price figure (*i.e.*, a dollar amount that does not include cent digits).

26.     While the label alone would be sufficient to deceive and mislead any reasonable consumer about the true price of these Ronnybrook products, Whole Foods priced other Ronnybrook products in a manner that increased consumer confusion.

27.     For example, Mr. Silberstein discovered that Whole Foods does not charge a Deposit Fee on all Ronnybrook products it sells.  **Figure 4** below contains an image from a Whole Foods grocery store of a price label for Ronnybrook 2% Milk.

28.     Despite the fact that the Ronnybrook 2% Milk comes in a bottle similar in all material respects to Ronnybrook Half & Half, the Ronnybrook 2% Milk label does not display the notation "+ Deposit $2."  Thus, a reasonable consumer with a history of purchasing Ronnybrook products (like Ronnybrook 2% Milk) for which Whole Foods does not charge consumers a deposit fee would have even less reason to expect or suspect that other Ronnybrook products would carry this hidden upcharge.

**FIGURE 4**

RONNYBROOK FARM • DAIRY
THE RONNYBROOK STORY
More than sixty years ago my father and mother began a small family dairy farm in the rolling hills of the Hudson Valley. Today, along with my brothers, I continue the family farm tradition on the same land my parents farmed more than a half century ago. Our family makes a variety of super-premium all natural dairy products using milk produced by our own herd of Holstein cows. Help us in our efforts to promote Sustainable Agriculture.
Ronald Osofsky
www.ronnybrook.com
Return Bottle For Deposit
LOCAL
$5.79
$1.45
RONNYBROOK FARM DAIRY
2% Reduced Fat Milk
new
07/01/24
SUPPORTS GUT HEALTH
LACTOSE FREE



29.     Fee disclosures made by Whole Foods's competition underscores the deceptive

and misleading nature of Whole Foods's labeling practices.  **Figure 5** below contains a

screenshot from the online store of ShopRite, a large grocery store chain and one of Whole

Foods's competitors.

**FIGURE 5**



30.     As this image demonstrates, unlike Whole Foods, ShopRite conspicuously and

unambiguously disclosed that the price of Ronnybrook Creamline Milk includes a $1.50 deposit,

by including following statement, in normal-sized font, under the product description:

"***Deposit Required $1.50 per Bottle**".  ShopRite even includes asterisks on both ends of

this disclosure statement, which appear intended to draw the consumers eye to the disclosure.

31.     Whole Foods's online sales of Ronnybrook products also underscore the

deceptive and misleading nature of its in-store pricing practices.  For example, Whole Foods

Case 2:24-cv-04229-JMW   Document 1-1   Filed 06/14/24   Page 16 of 24 PageID #: 26

does not add a Deposit Fee to certain Ronnybrook products sold online, despite the fact that it adds the Deposit Fee to these same products sold in-store.

32.     Whole Foods engages in these disparate pricing practices because it is substantially more difficult to impose hidden fees on online purchases than in-store purchases. Online consumers are presented with an itemized price list on their computer screen or mobile device immediately ***before*** placing an order, which is often located adjacent to the "order" button.  Instore customers, on the other hand, do not receive an itemized receipt of their purchase, if at all, until ***after*** completing the purchase.

33.     Instead of relying on the post-purchase receipt, reasonable consumers, like Mr. Silberstein, rely on the prices displayed on labels appearing next to products within the store. And for all the reasons set forth above, the prices displayed on consumer-facing Ronnybook labels were materially deceptive and misleading.

34.     Mr. Silberstein and other Whole Foods consumers have unknowingly purchased Ronnybrook products at inflated prices based on Whole Foods's deceptive and misleading labeling practices.

35.     Mr. Silberstein and other Whole Foods consumers would not have purchased these products if Whole Foods had not deceived and misled them regarding the price.

<div align="center">13</div>

Case 2:24-cv-04229-JMW   Document 1-1   Filed 06/14/24   Page 17 of 24 PageID #: 27

## CLASS ALLEGATIONS

36.     Plaintiff brings this class action pursuant to Article 9 of the New York Civil

Practice Law and Rules ("CPLR") on behalf of the following Class:

**The Class:**   All persons in the State of New York who purchased a Ronnybrook product
from Whole Foods and was charged a bottle deposit fee, between May 4,
2021, through the present (the "Class Period").

37.     Plaintiff and Class members reserve the right to amend the Class definitions as

discovery proceeds and to conform to the evidence.  Excluded from the Class are: (a) any Judge

presiding over this action and members of their families; (b) Whole Foods and its subsidiaries

and affiliates; and (c) all persons who properly execute and file a timely request for exclusion

from the Class.

38.     **Numerosity.** Members of the Class are so numerous that their individual joinder

is impracticable.  Moreover, the Class is composed of an easily ascertainable, self-identifying set

of individuals and entities who purchased Ronnybrook products from Whole Foods's brick-and-

mortar stores.  The precise number of Class members can be ascertained through discovery,

which includes Defendant's records.  Plaintiff estimates the number of Class members to be in at

least the tens of thousands, if not substantially more.  The disposition of their claims through a

class action will benefit both the parties and the Court.

39.     **Typicality.** Plaintiff's claims are typical of those of other members of the Class,

all of whom have suffered similar harm due to Defendant's conduct as described in this

Complaint.  All Class members have been deceived and misled (or were likely to have been

deceived and misled) by Whole Foods's false and deceptive pricing scheme, as described in this

Complaint.  Plaintiff advances the same claims and legal theories on behalf of himself and all

Class members.

14

Case 2:24-cv-04229-JMW   Document 1-1   Filed 06/14/24   Page 18 of 24 PageID #: 28

40.     **Existence and Predominance of Common Questions of Law or Fact.**

Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

a.      whether, during the Class Period, Whole Foods advertised the price of the Ronnybrook products in the manner alleged herein;

b.      whether Whole Foods's conduct was consumer-oriented;

c.      whether Whole Foods's conduct was materially deceptive and misleading;

d.      whether the Class suffered injury as a result of Whole Foods's deceptive and misleading acts or practices;

e.      whether Whole Foods's conduct was likely to deceive or mislead a reasonable consumer acting reasonably under the circumstances;

f.      whether Whole Foods violated NY GBL § 349.

g.      whether Whole Foods violated NY GBL § 350.

h.      whether and to what extent Whole Foods's conduct caused, and continues to cause, harm to the Class;

i.      whether the members of the Class are entitled to damages and/or restitution;

j.      what injunctive relief is appropriate and necessary to enjoin Whole Foods from continuing to engage in deceptive and misleading practices, and, if so, what type of injunctive relief is appropriate and necessary; and

Case 2:24-cv-04229-JMW   Document 1-1   Filed 06/14/24   Page 19 of 24 PageID #: 29

> k.      whether Whole Foods' conduct was willful or knowing.

41.      **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable. Requiring each individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered as damages. Even if every member of the Class could afford individual litigation, the adjudication of thousands of identical claims would be unduly burdensome to the court system. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.

42.      By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the members of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. The prosecution of separate actions by individual members of the Class may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Class who are not parties to such adjudications, or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

43.      **Adequacy of Representation.** Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiff has retained attorneys who are experienced in the handling of complex litigation and class actions, and Plaintiff and his counsel intend to prosecute this action vigorously. Plaintiff has no antagonistic or adverse interests to those of the Class.

Case 2:24-cv-04229-JMW   Document 1-1   Filed 06/14/24   Page 20 of 24 PageID #: 30

## CAUSES OF ACTION

### First Cause of Action

**(Violation of New York General Business Law § 349 Against All Defendants)**

44.      Plaintiff repeats, realleges, and incorporates by reference the allegations set forth
in all other paragraphs as though fully set forth herein.

45.      By virtue of the acts complained of herein, Defendant has violated New York
General Business Law ("GBL") § 349.

46.      As detailed in the preceding allegations, Defendant's failure to clearly and
conspicuously disclose the Deposit Fee that applies to in-store purchases of Ronnybrook
products is consumer-oriented, materially misleading, and injurious not only to Plaintiff, but to
other consumers at large.

47.      As a direct and proximate result of Defendant's deceptive and misleading
conduct, Plaintiff suffered damages in an amount to be proven at trial.

48.      As a result of Defendant's willful, wanton, and malicious conduct, Plaintiff is
entitled to recover punitive damages from Whole Foods in an amount to be determined at trial.

### Second Cause of Action

**(Violation of New York General Business Law § 350 Against All Defendants)**

49.      Plaintiff repeats, realleges, and incorporates by reference the allegations set forth
in all other paragraphs as though fully set forth herein.

50.      By virtue of the acts complained of herein, Defendant has violated GBL § 350.

51.      As detailed in the preceding allegations, Defendant's failure to clearly and
conspicuously disclose the Deposit Fee for in-store purchases of Ronnybrook products is

17

consumer-oriented, materially misleading, and injurious not only to Plaintiff, but to other consumers at large.

52.     As a direct and proximate result of Defendant's deceptive and misleading pricing scheme, Mr. Silberstein suffered damages in an amount to be proven at trial.

53.     As a result of Defendants' willful, wanton, and malicious conduct, Plaintiff is entitled to recover punitive damages from Whole Foods in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff is entitled to a judgment against Defendant awarding Plaintiff:

1.     All damages available under GBL §§ 349 and 350, including actual damages and statutory damages;

2.     For treble damages in accordance with GBL § 349(h);

3.     For an order enjoining Defendant from continuing its deceptive practices;

4.     Attorney's fees;

5.     Pre-judgment interest;

6.     Post-judgment interest at the legal rate;

7.     Costs of suit; and

8.     Such further and other relief as this Court deems just and proper.

Plaintiff respectfully demands a trial by jury of all issues so triable.

Dated: May 14, 2024                    *Counsel for Plaintiff Yaacov Silberstein*
Westlake Village, CA                   *and the Proposed Class*


THE JACOBS LAW FIRM, PC

By: _____

Matthew Jacobs
5743 Corsa Ave., Ste. 208
Westlake Village, CA 91362
(805) 601-7504
matt@jacobslawfirm.com


KJC LAW GROUP, A.P.C.

Kevin J. Cole [*]
W. Blair Castle [*]
9701 Wilshire Blvd., Ste. 1000
Beverly Hills, CA 90212
(310) 861-7797
kevin@kjclawgroup.com
blair@kjclawgroup.com


[*] Application for admission *pro hac vice*
forthcoming

19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

```
----------------------------------------------------------X
YAACOV SILBERSTEIN, individually and on           :
behalf of all others similarly situated,          :
                                                  :
                                                  :
                    Plaintiff,                    :
                                                  :
         - against -                              :          Index No.: _____
                                                  :
WHOLE FOODS MARKET GROUP, INC,                    :
and JOHN DOES 1-50,                               :
                                                  :
                    Defendants,                   :
                                                  :
----------------------------------------------------------X
```

## SUMMONS AND COMPLAINT

I hereby certify pursuant to 22 NYCRR § 130-1.1 that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the following papers and the contentions therein are not frivolous as defined in 22 NYCRR § 130-1.1(c) and that the matter was not obtained through illegal conduct: summons and complaint.

Dated: May 14, 2024                    *Counsel for Plaintiff Yaacov Silberstein*
Westlake Village, CA                   *and the Proposed Class*

                                       THE JACOBS LAW FIRM, PC

                              By:  _____
                                       Matthew Jacobs
                                       5743 Corsa Ave., Ste. 208
                                       Westlake Village, CA 91362
                                       (805) 601-7504
                                       matt@jacobslawfirm.com

Case 2:24-cv-04229-JMW   Document 1-1   Filed 06/14/24   Page 24 of 24 PageID #: 34

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**
-------------------------------------------------------------------x
YAACOV SILBERSTEIN, individually and on
behalf of all others similarly situated,

                         Plaintiff,

     -against-

WHOLE FOOD MARKET GROUP, INC.,
and JOHN DOES 1-50,

                         Defendants.

-------------------------------------------------------------------x

**Index No.** 608482/2024

**STIPULATION**

       **IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for the

parties in the above-captioned proceedings, that Defendants' time to answer or appear in this action

is hereby extended to and including July 8, 2024.

       **IT IS FURTHER STIPULATED AND AGREED**, that facsimile or electronic copies

of signatures of counsel on this Stipulation may be treated as originals for all purposes.

Dated: June 4, 2024

*Dean Boyer*

**ABRAMS FENSTERMAN, LLP**

By: N. Dean Boyer, Esq.
3 Dakota Dr, Ste 300
Lake Success, NY 11042
(516) 328-6638
*Attorneys for Defendants*

**THE JACOBS LAW FIRM, PC**

By: Matthew Jacobs, Esq.
5743 Corsa Ave., Ste. 208
Westlake Village, CA 91362
(805) 601-7504
*Attorneys for Plaintiff*